IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| JENOS PATRICK,<br><br>Plaintiff,<br><br>v.<br><br>TRIDENT SEAFOODS<br>CORPORATION, *et al.*,<br><br>Defendants. | Case No. 23-cv-00004-DKW-KJM<br><br>**ORDER (1) DENYING MOTION FOR RECONSIDERATION, (2) GRANTING MOTION TO DISMISS, AND (3) DISMISSING ACTION WITHOUT PREJUDICE AND WITHOUT LEAVE TO AMEND** |

Pending before the Court are (1) Defendant Trident Seafoods Corporation's (Trident) motion to dismiss or, alternatively, transfer venue (motion to dismiss), and (2) Plaintiff Jenos Patrick's motion for reconsideration of an order striking Patrick's response to the motion to dismiss (motion for reconsideration). Dkt. Nos. 22, 34.

As more fully explained below, Patrick presents no relevant reason for the Court to reconsider the striking of his untimely response to the motion to dismiss. Therefore, the motion for reconsideration is DENIED. As for the motion to dismiss, the Court agrees that Federal Rule of Civil Procedure 12(b)(6) is an appropriate mechanism to enforce the forum selection clause that clearly applies to the claims brought in this action. The Court further finds that, in light of relevant

case law, there is no basis for the Court to decline to enforce the forum selection clause.   As a result, the motion to dismiss is GRANTED, and this action is DISMISSED WITHOUT PREJUDICE to Patrick re-filing it in an appropriate jurisdiction, as more fully discussed below.

## BACKGROUND

On January 4, 2023, Patrick brought this action against Trident, various John Doe individuals and entities, and the vessel M/V Seattle Enterprise, O.N. (Enterprise) (collectively, Defendants).   Dkt. No. 1.   On January 13, 2023, Patrick filed a First Amended Complaint (FAC), the operative pleading here, against Defendants.   Dkt. No. 7.   Therein, Patrick alleged that he entered into an employment contract with Trident to work as a seaman on the Enterprise.   *Id*. at ¶¶ 31, 42.   During this employment, Patrick alleges that, *inter alia*, he suffered multiple physical injuries and did not get paid for work performed.   *Id*. at ¶¶ 23-25, 29, 40.   In light of these allegations, Patrick asserted the following claims: (1) negligence under the Jones Act, 46 U.S.C. § 30101 *et seq*.; (2) "unseaworthiness" of the Enterprise; (3) maintenance and cure under maritime law; (4) infliction of emotional distress; (5) "accounting" of the voyage on which Patrick worked; and (6) failure to pay wages.

2

On March 22, 2023, Trident filed the pending motion to dismiss or, alternatively, transfer venue.   Dkt. No. 22.   Therein, Trident argues that the employment contract referenced in the FAC contains a forum selection clause requiring that any lawsuit arising out of Patrick's work for Trident must be brought in the federal or state courts of King County, Washington.   *Id*. at 2-3.   Because this Court is not a court of King County, Washington, Trident argues that this case should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) (Rule 12(b)(6)).   *Id*. at 4-10.   Alternatively, Trident asks for the case to be transferred to federal district court in King County, Washington, pursuant to 28 U.S.C. Section 1404(a).   *Id*. at 10-11.

On March 23, 2023, the Court scheduled a hearing on the motion to dismiss for June 2, 2023, with briefing pursuant to Local Rule 7.2.   Dkt. No. 23.   This meant that a response to the motion to dismiss was due by May 12, 2023—three weeks before the hearing date.   *See* Local Rule 7.2.[1]   A response, however, was not filed on or before May 12, 2023.   Instead, on Sunday, May *14*, 2023, Patrick filed a proposed stipulation between the parties that purported to provide Patrick until May 15, 2023 to file a response.   Dkt. No. 30.   A response, however, was

---

[1]Ironically, given the events to come, on March 28, 2023, Patrick and Trident moved for a purported "extension" of the briefing deadlines that would have given Patrick until May *1*, 2023 to file a response.   Dkt. No. 24.   The Court denied that request, given that it was not an "extension" at all.   *See* Dkt. No. 25.

not filed on or before May 15, 2023.   Instead, on May *16*, 2023, Patrick finally filed a response to the motion to dismiss.   Dkt. No. 31.[2]

On May 19, 2023, the Court struck the response because, even under Patrick's self-granted extension (that was never approved by the Court), his opposition brief was untimely and, in any event, the proposed stipulation provided no cause for the requested extension (May 19, 2023 Order).   Dkt. No. 33.   In addition, because the motion to dismiss was unopposed by any properly filed response, the Court vacated the June 2, 2023 hearing and took the motion to dismiss under advisement.

Finally, on May 21, 2023, Patrick filed the pending motion for reconsideration.   Dkt. No. 34.   Therein, without citing any applicable legal framework, Patrick asks for reconsideration of the May 19, 2023 Order, arguing that his response was filed 69 minutes late and his counsel have suffered from poor health.   *Id*. at 2-3.   Patrick also asserts that this Court should issue a so-called "Writ of Rachmones" or "Writ of Mercy" and should refer this case to the Hawai'i Supreme Court to determine if there is a strong public policy in this State "regarding the treatment of sailors recruited and hired" here.   *Id*. at 3-4.   On

---

[2]Two days later, Patrick filed an Errata to the response.   Dkt. No. 32.

June 2, 2023, Trident filed an opposition to Patrick's May 21, 2023 motion, limited to Patrick's non-reconsideration-based contentions.   Dkt. No. 35.

This Order now follows.

## LEGAL STANDARDS

### I.   Motion for Reconsideration

A motion for reconsideration of an interlocutory order, such as the May 19, 2023 Order challenged by Patrick, is governed by Local Rule 60.1.   Pursuant to that Local Rule, a party may seek reconsideration of an interlocutory order in three circumstances: (1) discovery of new material facts not previously available, (2) an intervening change in law, or (3) manifest error of law or fact.   Local Rule 60.1.

### II.   Rule 12(b)(6) Motion to Dismiss

Rule 12(b)(6) authorizes the Court to dismiss a complaint that fails "to state a claim upon which relief can be granted."   Rule 12(b)(6) is read in conjunction with Rule 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief."   Fed.R.Civ.P. 8(a)(2).   Pursuant to *Ashcroft v. Iqbal*, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"   556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).   In addition, "the tenet that a court must accept as true all

of the allegations contained in a complaint is inapplicable to legal conclusions."
*Id.*    Accordingly, "[t]hreadbare recitals of the elements of a cause of action,
supported by mere conclusory statements, do not suffice."   *Id*. (citing *Twombly*,
550 U.S. at 555).   Rather, "[a] claim has facial plausibility when the plaintiff
pleads factual content that allows the court to draw the reasonable inference that
the defendant is liable for the misconduct alleged."   *Id*. (citing *Twombly*, 550 U.S.
at 556).   Factual allegations that only permit the court to infer "the mere
possibility of misconduct" do not show that the pleader is entitled to relief as
required by Rule 8(a)(2).   *Id*. at 679.

When a complaint fails to state a plausible claim, leave to amend should be
given when "justice so requires."   Fed.R.Civ.P. 15(a)(2).   Justice does not require
leave to amend when (1) it would prejudice an opposing party, (2) it is sought in
bad faith, (3) it would produce an undue delay in litigation, (4) it would be futile,
or (5) there has been repeated failure to cure a deficiency.   *Abagninin v. AMVAC
Chem. Corp.*, 545 F.3d 733, 742 (9th Cir. 2008); *AmerisourceBergen Corp. v.
Dialysist West, Inc.*, 465 F.3d 946, 951 (9th Cir. 2006).

A court may consider certain documents attached to a complaint, as well as
documents incorporated by reference in the complaint or matters of judicial notice,
without converting a Rule 12(b)(6) motion to dismiss into a motion for summary

judgment.  *United States v. Ritchie*, 342 F.3d 903, 908–09 (9th Cir. 2003).

Documents incorporated by reference include those upon which the complaint

"necessarily relies" or the contents of which are alleged in the complaint, and may

be considered where the document's authenticity is not in question, and there are

no disputed issues as to the document's relevance.  *Coto Settlement v. Eisenberg*,

593 F.3d 1031, 1038 (9th Cir. 2010).

## DISCUSSION

### I.   Motion for Reconsideration

Patrick asks the Court to reconsider the May 19, 2023 Order, stating that he

allegedly missed the purported May 15, 2023 response deadline by 69 minutes.

Dkt. No. 34 at 2.   Patrick states that missing the deadline was due to him trying to

include a Table of Authorities in his submission.   *Id*.   Patrick further states that

two of his counsel have suffered from "poor health," which has made it difficult

for them to work.   *Id*. at 3.

As an initial matter, in the motion for reconsideration, Patrick provides no

explanation of how the foregoing explanations fit within any of the bases for

reconsidering an interlocutory order set forth in Local Rule 60.1.   In fact, Patrick

does not even recognize that Local Rule 60.1 exists or, for that matter, that any

relevant legal principle governs the motion for reconsideration.   There is perhaps

7

good reason for this, given that none of the explanations remotely fit within Local Rule 60.1's grounds for relief.   First, Patrick does not contend that he has discovered new material facts that were not previously available.   Second, Patrick does not contend that there has been a change in the law.   And, third, Patrick points to no error of law or fact, let alone a *manifest* error, in the May 19, 2023 Order.[3]   The Court, therefore, finds no relevant basis for reconsidering the May 19, 2023 Order, and DENIES the motion for reconsideration.[4]

## II.   **Motion to Dismiss**

Trident argues that this case should be dismissed because Patrick's claims are subject to a forum selection clause requiring any lawsuit to be filed in the state or federal courts of King County, Washington, and not in Hawaii.   *See generally* Dkt. No. 22 at 1-10.   As explained more fully below, the Court agrees.

---

[3]This is perhaps why, later in the motion for reconsideration, Patrick relies upon the so-called "Writ of Rachmones" or "Writ of Mercy," which Patrick describes as arising "where there is no clear legal right to relief…."   Dkt. No. 34 at 4.   There is certainly no legal right to relief here, and the Court will not create one simply to avoid the consequences of counsel's actions.

[4]The Court adds that, even standing on their own merit, the explanations provided in the motion for reconsideration do not warrant reconsidering the May 19, 2023 Order.   Notably, Patrick proceeds from a false premise.   The deadline to submit his response was **not** May 15, 2023. *See* Dkt. No. 34 at 2.   Therefore, his filing on May 16, 2023 was not a mere 69 minutes late. May 15, 2023 was a self-imposed deadline that the Court never approved.   The deadline remained May 12, 2023—three weeks before the June 2, 2023 hearing, and a date almost two weeks longer than the May 1 deadline Patrick had originally requested.   In the motion for reconsideration, Patrick provides no reason why he failed to file a response by May 12, 2023 or, even, why he did not file the parties' proposed stipulation by that date.

8

As an initial matter, the Court finds that Trident may use the procedural vehicle of Rule 12(b)(6) to move for dismissal of this case.   As background, in *Atl. Marine Constr. Co., Inc. v. U.S. Dist. Court for W. Dist. of Tex.*, 571 U.S. 49 (2013), the U.S. Supreme Court held that a party could not enforce a forum selection clause by seeking dismissal of a lawsuit under 28 U.S.C. Section 1406(a) or Federal Rule of Civil Procedure 12(b)(3) for improper or wrong venue.   *Id*. at 55.   In doing so, the Supreme Court expressly declined to address whether a party could enforce a forum selection clause through a Rule 12(b)(6) motion, such as the one Trident brings here.   *Id*. at 61.   Since *Atl. Marine*, however, a number of courts, including the First, Third, and Sixth Circuits, have endorsed the use of Rule 12(b)(6) as an acceptable vehicle to enforce a forum selection clause.   *See Claudio-DE Leon v. Sistema Universatario Ana G. Mendez*, 775 F.3d 41 (1st Cir. 2014); *Smith v. Aegon Cos. Pension Plan*, 769 F.3d 922 (6th Cir. 2014); *Podesta v. Hanzel*, 684 F. App'x 213, 216 (3d Cir. 2017); *see also, e.g.*, *RJ v. Cigna Health & Life Ins. Co.*, 2022 WL 4021890, at \*10 (N.D. Cal. Sep. 2, 2022) (citing cases); *but see D'Arbonne Bend LLC v. Pierce Partners III, LLC*, 2020 WL 10786670, at \*4 (C.D. Cal. Feb. 19, 2020) (denying a Rule 12(b)(6) motion as moot and instead considering whether to enforce a forum selection clause under 28 U.S.C. Section 1404(a), while observing that Rule 12(b)(6) would not be "the appropriate means

to present the issue.").   In this light, although the Ninth Circuit has not spoken on the issue, like the above-cited persuasive authority, the Court finds that Rule 12(b)(6) is an appropriate vehicle to enforce a forum selection clause.[5]

Equally clear is that the forum selection clause in Patrick's employment contract applies to the claims brought in this case.   The applicable forum selection clause provides that any lawsuit "between the parties arising out of or in any way related to [Patrick's] work for [Trident]" must be brought in the federal or state courts of King County, Washington.   Dkt. No. 22 at 25.[6]   Patrick's claims, meanwhile, all concern his work for Trident.   For example, Trident's alleged negligence in failing to provide Patrick with a safe place to *work*, Patrick's alleged injuries while *working* on the Enterprise, and Trident's alleged failure to pay Patrick wages for *work* he performed on behalf of Trident.[7]   Therefore, all of

---

[5]Because it is raised in the motion to dismiss, the Court also finds that a forum selection clause may be enforced in a Jones Act case such as this one.   Notably, as the court in *Utoafili v. Trident Seafoods Corp.*, 2009 WL 6465288, at *4-5 (N.D. Cal. Oct. 19, 2009), observed, Congress' decision in 2008 to repeal the Jones Act's venue provision, standing alone, does not mean that Congress also meant to incorporate into the Jones Act the Federal Employers' Liability Act's prohibition of forum selection clauses.

[6]In citing the employment contract, the Court cites to the page numbers assigned by CM/ECF in the top right corner of the document, *i.e.*, "Page 25 of 32."

[7]In addition, in this light, although the employment contract is not attached to the FAC, it is incorporated by reference therein and, thus, may be considered in addressing the instant Rule 12(b)(6) motion.   Specifically, the employment contract is referenced in the FAC and all of Patrick's claims rely on his employment with Trident, in particular his claims for unpaid wages and unpaid production shares.   *See Coto*, 593 F.3d at 1038 (incorporating by reference an agreement that was not referred to in the complaint, but the allegations of which "suggest[ed]" the agreement was integral).   In addition, the authenticity of the employment contract is not challenged here, and, in fact, was authenticated by a Trident employee.   *See* Decl. of Mike

Patrick's claims here are clearly subject to the forum selection clause in his employment contract.

The final question presented by Trident is whether the forum selection clause should be enforced.   In light of relevant case law, including the Supreme Court's decision in *Atl. Marine*, the Court finds no reason not to enforce the forum selection clause on the record here.   First, as explained earlier, the motion to dismiss is unopposed, given that Patrick failed to timely respond.   As a result, Patrick, as the party attempting to defy the forum selection clause, has not met his burden of showing that enforcement of the same is unwarranted.   *See Atl. Marine*, 571 U.S. at 63.

Second, even absent Patrick's tardy filing practices, the Court discerns no relevant reason to decline to enforce the forum selection clause.   In the motion for reconsideration, Patrick asserts that dismissing this case could result in him being unable to assert claims for unpaid wages or production shares due to a six-month time limitation in his employment contract.   Dkt. No. 34 at 3.   However, in *Atl. Marine*, the Supreme Court explained that such alleged prejudice is not a relevant consideration when "the plaintiff has violated a contractual obligation by filing suit in a forum other than the one specified in a valid forum-selection clause."   *Atl.*

McCarthy at ¶5, Dkt. No. 22.   Therefore, the Court may consider Patrick's employment contract for purposes of the motion to dismiss.

11

*Marine*, 571 U.S. at 66 n.8.[8]   Patrick further argues that he will be prejudiced by having to travel to Washington to litigate this lawsuit.   Dkt. No. 34 at 4. However, that too, according to the Supreme Court, is irrelevant to the analysis. *Atl. Marine*, 571 U.S. at 64 ("When parties agree to a forum-selection clause, they waive the right to challenge the preselected forum as inconvenient or less convenient for themselves or their witnesses, or for their pursuit of the litigation."). Patrick also contends that, if this case is transferred to Washington, a court there will apply Washington state policy as opposed to the public policy of Hawai'i. Dkt. No. 34 at 4.   However, Patrick provides no support for this contention, nor does he offer any evidence that Washington and Hawai'i public policy in this regard is different.   He also fails to provide any support for the contention that Hawai'i even has a "strong public policy regarding the treatment of sailors recruited and hired in Hawai'i…."   *See id*.[9]   Finally, in passing, Patrick contends that the forum selection clause here was "hidden in the legalese" of his employment contract.   *Id*. at 5.   Nothing could be further from the truth.   The employment contract is a two-page document, a large portion of which is

---

[8]Patrick also fails to address whether a state or federal court in King County, Washington would enforce such a six-month time limitation in a maritime case such as this.

[9]Rather, Patrick appears to ask this Court to certify this case to the Hawai'i Supreme Court so it can, presumably, be persuaded to establish such a policy.   *See* Dkt. No. 34 at 4.   The Court declines to do so.

consumed by notifications related to the coronavirus.   Dkt. No. 22 at 24-25.
Other sections identify Patrick as the employee subject to the contract and the
scope of his employment.   *Id*. at 24.   There is also a section titled "Case Rate
Set," which appears to have some relationship to Patrick's compensation.   *See id*.
at 25.   None of the foregoing contain "legalese."   The only purported "legalese"
in the employment contract are the final two sections, which concern "Dispute
Resolution and Venue" and "Integration."   *Id*.   The relevant section here,
concerning "Dispute Resolution and Venue," hides nothing from the reader.
Instead, it clearly and in capital letters states that the "EXCLUSIVE VENUE FOR
ANY LAWSUIT" shall be the federal or state courts in King County, Washington.
*Id*.   It is, thus, simply absurd to suggest that the agreed-upon venue of any lawsuit
between the parties was in any way hidden from Patrick.

As a result, with no valid reason for failing to enforce the forum selection
clause, the Court GRANTS the motion to dismiss and DISMISSES this case
WITHOUT PREJUDICE to re-filing in an appropriate jurisdiction.   Dismissal is
without leave to amend because, in light of the forum selection clause, any
amendment of the FAC in this Court would be futile.

//

//

13

## <u>CONCLUSION</u>

For the reasons set forth herein, the motion to dismiss, Dkt. No. 22, is GRANTED, and the motion for reconsideration, Dkt. No. 34, is DENIED.   This case is DISMISSED WITHOUT PREJUDICE and without leave to amend.   The Clerk is instructed to enter Judgment in favor of Defendant Trident Seafoods Corporation, and then CLOSE the case.

IT IS SO ORDERED.

Dated: June 5, 2023 at Honolulu, Hawai'i.



Derrick K. Watson
Chief United States District Judge

*Jenos Patrick v. Trident Seafoods Corporation, et al*; Civil No. 23-00004 DKW-KJM;
**ORDER (1) DENYING MOTION FOR RECONSIDERATION, (2) GRANTING MOTION TO DISMISS, AND (3) DISMISSING ACTION WITHOUT PREJUDICE AND WITHOUT LEAVE TO AMEND**